ALBANY.

Lodge
v.
Phelps.

(SUPREME COURT.)

## Lodge *against* Phelps.

THE question in this case was,  can the assignee of a promissory note given in *Connecticut* maintain a suit upon it here *in his own name,* since he is not permitted to do so there ?

*Per Curiam,* delivered by KENT, J.  That personal contracts, just in themselves, and lawful by the law of the land where made, are to be fully enforced according to the intent of them, notwithstanding any change of habitation by the parties,  is a principle of justice and of social policy  which ought every where to be received and supported.  But the admission of the *lex loci contractus* can have reference only to the nature and construction of the contract, and not to the *mode* of enforcing it; for every country must and will have precedents and judicial forms peculiar to itself, and under the solemnity of these forms will enforce contracts according to their true intent and spirit.

The note on which the present suit was brought, was made payable to the payee or *his order,* and he ordered the money to be paid to the plaintiff; the plaintiff, therefore, by the rules of equity, not only in *Connecticut,* but in every country where equity is known,

An action is maintainable in our courts on a promissory note within our statute by the holder, though made in *Connecticut,* where the suit must be in the name of the original payee.

2 *Ersk.* 473. 474. 1 *Bro. P. C.* 41. 1 *Black. Rep.* 237. 238. 258. 7 *Durnf.* 243.

2 *Ersk.* 475. 1 *Bos. & Pul.* 142.

S s.

ALBANY.

is entitled to receive the money in preference to the original payee. What just reason can there then be, that the plaintiff should not be permitted to avail himself here of the forms and remedies prescribed by our laws, and to sue *directly in his own name* for the money, but should rather be compelled, agreeably to the usage of *Connecticut*, to use the name of the original payee as a mere nominal plaintiff, or *dramatis persona?* If the defendant has any defence authorised by the law of *Connecticut*, let him show it, and he will be heard in the one form of action as well as in the other. Agreeably to the principle I have laid down, I am for allowing him every defence that he would have been entitled to make in *Connecticut*, had the note been sued there in the name of the original payee, and as long as this can be done, I do not perceive any sufficient reason for turning the plaintiff round to another suit. To permit innovations upon our forms of action, when not necessary, may lead to inconvenience.

Judgment for the plaintiff.